## William T. Kellogg, Appellant, v. John A. Bickford, Impleaded with, etc., Appellee.

### Gen. No. 21,919.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed May 31, 1917.

### Statement of the Case.

Action by William T. Kellogg, plaintiff, against John A. Bickford, impleaded with, etc., defendant, to recover on a promissory note. From a verdict and judgment for defendant, plaintiff appeals.

CAVENDER & KAISER, for appellant.

BEACH & BEACH, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 358*—*when plea is one of want of consideration.* Where, in an action on a promissory note, while the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kellogg v. Bickford, 206 Ill. App. 76.

first plea charges that the execution of the note was obtained by the use of "fraud and circumvention," but the plea thereafter states in detail a charge of fraud as to the consideration, the issue made up by the plea is, in substance, that it was given without consideration.

2. BILLS AND NOTES, § 462*—*when instruction as to lack of fraud in obtaining execution of note is properly refused.* Even though, in an action on a note, the plea alleges "fraud and circumvention" in obtaining the note, it is not error to refuse an instruction that there was no fraud or circumvention in obtaining its execution, where the plea is, in substance, that the note was given without consideration, and the jury are instructed that the production of the note makes out a prima facie case for plaintiff, and that he is presumed to be a bona fide holder for a valuable consideration and before maturity.

3. BILLS AND NOTES, § 462*—*when instructions not erroneously given.* Instructions in an action on a promissory note, *held* not erroneously given.

4. EVIDENCE, § 459*—*when evidence of testimony of party in another suit is admissible.* Evidence of testimony of what certain witnesses heard one of the parties testify to in the course of another suit is admissible, if germane to the issue.

5. EVIDENCE, § 459*—*when transcript of evidence in another action is properly excluded.* Refusal to admit in evidence a purported transcript of the evidence given by one of the parties as a witness in another action is not error where the transcript is not in proper form.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.